IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY -5 P 1:44
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| BETTY WALKER HARRIS | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO: CV-06- 2:06cv409-DRB |
| | * | |
| ALABAMA DEPARTMENT | * | JURY TRIAL DEMANDED |
| OF YOUTH SERVICES; | * | |
| JAMES CALDWELL, | * | |
| Defendants. | | |

## COMPLAINT

### STATEMENT OF PARTIES

1. Plaintiff, Betty Walker Harris. is over the age of 19 years and is a resident of the State of Alabama. Ms. Harris' date of birth is May 9, 1985 and she initiates this action within two years of attaining the age of majority.

2. The Defendant, Alabama Department of Youth Services (hereinafter "DYS") is an entity of the State of Alabama. At all times referenced herein DYS maintained a residential facility and school for females under the care, custody, and control of the Alabama Department of Youth Services. DYS is responsible for the youth of the State committed to it's custody

3. The Defendant, James Caldwell, is being sued in his individual capacity as Superintendent of the Chalkville Campus of DYS. Defendant Caldwell is responsible for the day to day operation of the Chalkville Campus.

4. The Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. § 13-31, 20 U.S.C. §1681 et. seq., and U.S.C. §1983.

## STATEMENT OF FACTS

5. In the fall of 2000, Betty Walker Harris was committed to the custody of DYS and placed at the Chalkville Campus.

6. Chalkville Campus is a residential facility and school under the control of DYS.

7. At the Chalkville Campus, Plaintiff was to receive evaluation and classification; educational programs; social services; psychological and psychiatric services; among other services.

8. Pursuant to DYS policy, Plaintiff Betty Walker Harris was to be protected from personal abuse and harassment while in the custody of DYS.

9. Between the fall of 2000 and May 21, 2001, various teachers, residential staff and security guards engaged in or performed one or more of the following acts:

   a. Inappropriate touching;

   b. Used explicit sexual language to plaintiff.

10. Upon information and belief, employees of DYS at Chalkville engaged in a pattern and practice of subjecting female students to a sexually hostile environment, including guards, residential staff and teachers forcing students to engage in sexual acts with them.

11. Not until approximately May of 2001, when students' complaints reached the police, did DYS remove the offending DYS employees from campus.

12. DYS took no action to alleviate the harassment and as a result plaintiff was caused to suffer physically and emotionally.

13. Certain employees of DYS assigned to the Chalkville Campus have engaged in a pattern and practice of subjecting female students including plaintiff to a sexually hostile environment. That such environment included sexual harassment of such a severity and

pervasiveness as to alter the condition of Plaintiff's education and create an abusive educational environment.

14. The Defendants knowingly permitted a hostile environment to exist and failed to take corrective action to alleviate the situation.

15. Further, Defendants acted with deliberate indifference to widespread discrimination and sexual harassment at the Chalkville Campus.

16. Defendants knew or should have known of the conduct and failed to take corrective action thus subjecting Plaintiff to cruel and unusual punishment and the Defendants were deliberately indifferent to the same.

17. Defendants have engaged in the herein described conduct under the colored, custom, or usage of state law.

## COUNT I

## TITLE IX

18. Plaintiff realleges paragraphs 1 through 17 of the Complaint as if set out here in full.

19. This is a claim to redress unlawful discrimination on the basis of sex in violation of the Title IX, 20 U.S.C. Section 1681 et seq. against DYS.

20. At all times relevant hereto, DYS received federal financial assistance.

21. The Plaintiff belongs to a protected group, females, and she was harassed and molested on the basis of her sex. The harassment was unwelcome and was sufficiently severe and pervasive so as to alter the conditions of the Plaintiff's education and create an abusive educational environment.

22. By knowingly permitting the hostile environment to exist, DYS discriminated against the Plaintiff and denied her the benefits of the public education in violation to Title IX.

23. DYS knew of the danger of sexual harassment endured by other students and chose not to alleviate that danger.

24. The pattern and practice of sexual harassment at Chalkville was so pervasive that officials at DYS, who had the authority to institute corrective measures, had sufficient information to know of the sexually hostile environment. However, despite their knowledge of the sexually hostile environment, officials at DYS failed to reasonably respond.

25. DYS failure to take remedial action in response to the pervasive sexually hostile environment at Chalkville constituted deliberate indifference to the wide-spread discrimination of sexual harassment plaguing the students at the Chalkville Campus of DYS.

26. DYS acted with deliberate indifference to known acts of guard- student and teacher-student discrimination and sexual harassment.

27. DYS and its officials have not promulgated or distributed an official grievance procedure for lodging sexual harassment complaints; nor has it issued a formal anti-harassment policy.

WHEREFORE, Plaintiff requests damages in such a reasonable amount as a jury may assess and other relief granted to her under the law, and her costs of this action.

## COUNT II

## 42 U.S.C. § 1983

28. Plaintiff realleges paragraphs 1 through 27 of the Complaint as if set out here in full.

29. This claim is brought against James Caldwell in his individual capacity.

30. The effect of the sexual harassment and the failure to remedy the harassment, as outlined above, deprived the Plaintiff of her statutory and constitutional rights granted by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution, and the Eight Amendment to the United States Constitution.

31. The Plaintiff has a constitutional right to be free from unlawful sexual harassment and abuse in the involuntary-placement school setting.

32. The Plaintiff has a constitutional right to be free from cruel and unusual punishment while in custody with DYS.

33. James Caldwell knew or should have known about the widespread pattern and practice of sexual harassment and abuse suffered by the Plaintiff and other female students and was deliberately indifferent to the substantial risk of harm.

WHEREFORE, Plaintiff requests damages in such a reasonable amount as a jury may assess and other relief granted to her under the law, and her costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays for the following relief:

a. That compensatory and punitive damages be awarded to Plaintiff against Defendants in their individual capacities in an amount deemed appropriate by a jury;

b. That attorney fees and costs be awarded;

c. The Plaintiff be granted such other and further and different relief in which they may be entitled.

Robert D. Drummond, Jr.
Attorney for Plaintiff

OF COUNSEL:

323 DE La Mare Ave
Fairhope, Al 3653
251-990-6249

## **JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY A STRUCK JURY.**