UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY WALKER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2:06-CV-00409-DRB |
| ALABAMA DEPARTMENT | ) | |
| OF YOUTH SERVICES; | ) | |
| JAMES CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT JAMES CALDWELL'S ANSWER
TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant James Caldwell ("Caldwell") and for his answer and response to Plaintiff's Complaint in the above styled matter states as follows:

STATEMENT OF PARTIES

1. This paragraph requires no response and Caldwell does not have sufficient information either to admit or deny the allegations in this paragraph, and on these grounds Caldwell denies the same.

2. Caldwell admits the general allegations contained in this paragraph.

3. Caldwell admits that he was the Superintendent of the Alabama Department of Youth Services ("DYS") Chalkville Campus and had some responsibility for the day-to-day operations of the Chalkville Campus. Caldwell denies that he is presently responsible for the day-to-day operations of the DYS Chalkville Campus as alleged. Defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof.

4. Caldwell admits that this Court has jurisdiction under the cited statutes, but

specifically denies any violation of said statutes.

## STATEMENT OF FACTS

5.  Caldwell does not have sufficient information either to admit or deny the allegations in this paragraph and on that basis denies the same.

6.  Caldwell admits the general allegations contained in this paragraph.

7.  Caldwell does not have sufficient information either to admit or deny the allegations in this paragraph and on that basis denies the same.

8.  Caldwell does not have sufficient information either to admit or deny the allegations in this paragraph and on that basis denies the same.

9.  Caldwell denies the allegations contained in this paragraph, including parts (a) and (b) of this paragraph, and demands strict proof thereof.

10. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

11. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

12. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

13. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

14. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

15. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

16. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

17. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

## COUNT I

## TITLE IX

18. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

19. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

20. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

21. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

22. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

23. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

24. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

25. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

26. Caldwell denies the allegations contained in this paragraph and demands strict

proof thereof.

27. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

Caldwell denies that Plaintiff is entitled to any of the requested relief in the paragraph beginning "WHEREFORE" immediately following paragraph 27 and specifically denies that unlawful acts were committed against Plaintiff by Caldwell.

## COUNT II

## 42 U.S.C. § 1983

28. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

29. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

30. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

31. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

32. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

33. Caldwell denies the allegations contained in this paragraph and demands strict proof thereof.

Caldwell denies that Plaintiff is entitled to any of the requested relief in the paragraph beginning "WHEREFORE" immediately following paragraph 33 and specifically denies that unlawful acts were committed against Plaintiff by Caldwell.

## PRAYER FOR RELIEF

Caldwell denies that Plaintiff is entitled to any of the damages and relief to which she claims entitlement in Plaintiff's Complaint and responds to Plaintiff's specific prayer for relief as follows:

a. Caldwell denies that Plaintiff is entitled to compensatory and punitive damages;

b. Caldwell denies that Plaintiff is entitled to attorney fees and costs;

c. Caldwell denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Having responded to the general and specific allegations in Plaintiff's Complaint, Caldwell asserts the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured by the United States Constitution or any Act of Congress.

### THIRD DEFENSE

In order to avoid waiver, Caldwell states that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

### FOURTH DEFENSE

Caldwell was a public official of the State of Alabama and at all times relevant to the Complaint was acting pursuant to the lawful authority invested in him by the state. All acts so performed were the result of appropriate exercise of state agent discretion.

**FIFTH DEFENSE**

Caldwell is protected from suit by the doctrine of qualified immunity.

**SIXTH DEFENSE**

Caldwell may not be held individually liable for Plaintiff's claims under Title IX.

**SEVENTH DEFENSE**

Caldwell did not engage in the improper conduct stated in Plaintiff's Complaint.

**EIGHTH DEFENSE**

Plaintiff has suffered no injury attributable to any conduct of Caldwell's.

**NINTH DEFENSE**

Caldwell may not be held liable for punitive damages as Caldwell acted at all times relevant hereto with good faith in an effort to comply with all state and federal laws and never acted with any fraud, malice, or reckless indifference to Plaintiff's federally protected or related personal/civil rights.

**TENTH DEFENSE**

Caldwell is entitled to all constitutional defenses and immunities as contained in the United States and Alabama Constitutions and the cases decided thereunder.

**ELEVENTH DEFENSE**

This Court should decline to exercise such jurisdiction as it may have over some or all of the claims of the Plaintiff upon the ground that Plaintiff has failed to pursue state remedies, both administrative and judicial, available to her and capable of resolving any and all claims raised herein.

**TWELFTH DEFENSE**

Caldwell is entitled to state agent immunity.

Respectfully Submitted,


__/s/ Peter H. Burke_____
Peter H. Burke
Attorney for Defendant James Caldwell

**OF COUNSEL:**

WHATLEY, DRAKE & KALLAS, LLC
2323 2nd Avenue, North
P.O. Box 10647
Birmingham, AL 35202-0647
Telephone: 205-328-9576
Facsimile: 205-328-9669
ecf@whatleydrake.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of filing to such counsel of record.

Robert D. Drummond, Jr.
323 De La Mare Avenue
Fairhope, Alabama  36532
robertdrummond@bellsouth.net
*Attorney for Plaintiff Betty Walker Harris*

William Samford
Alabama Department of Youth Services
Office of General Counsel
P.O. Box 66
Mount Meigs, Alabama  36057
bill.samford@dys.alabama.gov
*Attorney for Alabama Department of Youth Services*

_/s/ Peter H. Burke_____
Of Counsel