# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **BETTY WALKER HARRIS** )<br> )<br> Plaintiff, )<br> )<br>vs. )<br> )<br>**ALABAMA DEPARTMENT OF** )<br>**YOUTH SERVICES; JAMES** )<br>**CALDWELL,** )<br> )<br> Defendants. ) | Case No. 2:06-CV-00409-DRB |

## DEFENDANT ALABAMA DEPARTMENT OF YOUTH SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant Alabama Department of Youth Services ("DYS"), through the undersigned attorney, answers and other wise responds as follows:

### STATEMENT OF THE PARTIES

1. This paragraph requires not response and DYS does not have sufficient information to either admit or deny the allegations in this paragraph, and on these grounds DYS denies the same.

2. DYS admits that they are a state agency that maintains a residential facility for delinquent youth committed to its custody. DYS denies all other material allegations and demands strict proof thereof.

3. DYS admits James Caldwell is sued in his individual capacity. DYS denies all other material allegations and demands strict proof thereof.

4. DYS admits this Court has jurisdiction of this matter. DYS denies all other material allegations and demands strict proof thereof.

## STATEMENT OF THE FACTS

5. DYS admits that the Plaintiff, Betty Walker Harris ("Harris"), was committed to the custody of DYS in the fall of 2000 and placed at DYS' Chalkville campus.

6. DYS admits that Chalkville is a residential facility under the control of DYS, but demands strict proof of all other material allegations of paragraph 6.

7. DYS admits that Harris was to receive certain services, but denies that the averments in paragraph 7 contain a complete and accurate statement of such services.

8. DYS admits that Harris was to be protected while in DYS' custody, but denies any allegation that she was not properly protected from personal abuse or harassment while in DYS' custody.

9. DYS denies the material allegations of paragraph 9 and demands strict proof thereof.

10. DYS denies the material allegations of paragraph 10 and demands strict proof thereof.

11. DYS denies the material allegations of paragraph 11 and demands strict proof thereof.

12. DYS denies the material allegations of paragraph 12 and demands strict proof thereof.

13. DYS denies the material allegations of paragraph 13 and demands strict proof thereof.

14. DYS denies the material allegations of paragraph 14 and demands strict proof thereof.

15. DYS denies the material allegations of paragraph 15 and demands strict proof thereof.

16. DYS denies the material allegations of paragraph 16 and demands strict proof thereof.

17. DYS denies the material allegations of paragraph 17 and demands strict proof thereof.

## COUNT I

## TITLE IX

18. DYS denies the material allegations of paragraph 18 and demands strict proof thereof.

19. DYS denies the material allegations of paragraph 19 and demands strict proof thereof.

20. DYS denies the material allegations of paragraph 20 and demands strict proof thereof.

21. DYS denies the material allegations of paragraph 21 and demands strict proof thereof.

22. DYS denies the material allegations of paragraph 22 and demands strict proof thereof.

23. DYS denies the material allegations of paragraph 23 and demands strict proof thereof.

24. DYS denies the material allegations of paragraph 24 and demands strict proof thereof.

25. DYS denies the material allegations of paragraph 25 and demands strict proof thereof.

26. DYS denies the material allegations of paragraph 26 and demands strict proof thereof.

27. DYS denies the material allegations of paragraph 27 and demands strict proof thereof.

DYS denies that Harris is entitled to any of the requested in the paragraph beginning "WHEREFORE" immediately following paragraph 27 and specifically denies that unlawful acts were committed against Harris by DYS.

## COUNT II

## 42 U.S.C. § 1983

28. DYS denies the material allegations of paragraph 28 and demands strict proof thereof.

29. There are no allegations against DYS contained in paragraph 29 and as such, no answer is required.

30. There are no allegations against DYS contained in paragraph 30 and as such, no answer is required.

31. There are no allegations against DYS contained in paragraph 31 and as such, no answer is required.

32. There are no allegations against DYS contained in paragraph 32 and as such, no answer is required.

33. There are no allegations against DYS contained in paragraph 33 and as such, no answer is required.

DYS denies that Harris is entitled to any of the requested in the paragraph beginning "WHEREFORE" immediately following paragraph 33 and specifically denies that unlawful acts were committed against Harris by DYS.

## PRAYER FOR RELIEF

DYS denies Harris is entitled to any relief in any form that she seeks in her prayer for relief and its subparts.

## AFFIRMATIVE DEFENSES

DYS asserts the following affirmative defenses:

1. The complaint fails to state a claim upon which relief can be granted.

2. DYS is immune from suit under the Eleventh Amendment to the Constitution of the United States.

3. DYS is entitled to and pleads sovereign immunity.

4. DYS is absolutely immune from suit under Article I, § 14, Alabama Constitution (1901).

5. The statute of limitations bars the Plaintiff's claims.

6. Punitive damages cannot be awarded against DYS under Title IX.

7. None of DYS' actions were the proximate cause of any violation of the Plaintiff's protected rights.

8. Plaintiff has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

9. The Plaintiff's claims are barred by laches.

10. DYS did not act with deliberate indifference.

11. Plaintiff has failed to state factual allegations to support the claim of a violation of Title IX.

12. DYS provided the Plaintiff with the means and opportunity to complain of any alleged sexual harassment and/or abuse, and the Plaintiff failed to provide notice of the alleged abuse to any DYS supervisor or employee.

13. To the extent the claims asserted in this action are wholly without foundation or facts and are frivolous, DYS asserts that they are entitled to relief under this Court's inherent powers and any other rule, statute or case law that provides for an award of attorney's fees. DYS demands attorney's fee and costs.

14. To the extent that the Plaintiff seeks attorney's fees as associated "costs" in litigating this matter, DYS states attorney's fees and expenses are not recoverable items of damage.

15. Anything not specifically admitted to or addressed in this Answer is denied, and DYS demands strict proof thereof.

16. DYS reserves the right to amend this Answer at a later date premised on the fact that discovery is incomplete and/or the Plaintiff might file an Amended Complaint.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


/s/ T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2006, I electronically filed the foregoing **Answer**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert D. Drummond, Jr.
Attorney for Plaintiff
323 DE La Mare Ave.
Fairhope, AL 36532
robertdrummond@bellsouth.net

Peter H. Burke
2323 2nd Avenue, North
P. O. Box 10647
Birmingham, AL 35202
ecf@whatleydrake.com

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


/s/ T. Dudley Perry, Jr.
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Attorney for the Defendant
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov